UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| TIMOTHY WAYNE LEE, | Case No. 1:15-cv-00297-LJO-MJS |
|---|---|
| Petitioner, | **FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| RAFAEL ZUNIGA, Warden, | **THIRTY (30) DAY OBJECTION DEADLINE** |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Rafael Zuniga, Warden of Federal Correctional Institution, Mendota, is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Respondent is represented by Benjamin B. Wagner and Patrick R. Delahunty, Assistant United States Attorneys.

For the reasons stated below, the undersigned recommends that the petition be denied.

I. **Procedural History**

Petitioner is currently in federal custody at the Federal Correctional Institution ("FCI"), Mendota, pursuant to the December 2, 2011 judgment of the United States District Court for the District of Colorado, convicting Petitioner of aiding and abetting in

the sex trafficking of children. (Exhibit to Response to Petition, ECF No. 15-1 at 8-9.) He is serving a 180-month sentence. (Id.)

On September 24, 2013, Petitioner submitted an Inmate Request to Staff, seeking early release pursuant to 18 U.S.C. § 3582(c)(1)(A). (See id. at 22.) The request was based on the incapacitation of Petitioner's 73-year-old mother, who had been diagnosed with cancer and who was the sole caretaker of Petitioner's 8-year-old son. (See id. at 22, 34.) The request was denied on the ground that Petitioner did not submit "sufficient proof that your mother is the only family member capable of caring for your child. Additionally, your release plan does not demonstrate you have documentation that you have the financial means to care for the child immediately upon release." (Id. at 22.) Petitioner was advised of his right to appeal the decision through the Administrative Remedy Program.

Petitioner submitted his administrative appeal on October 20, 2013. (Id. at 21.) It was received by the Administrative Remedy Coordinator on November 7, 2013, and rejected the same day on procedural grounds. (Id. at 20.)

It appears that Petitioner resubmitted his appeal on November 13, 2013. It was received by the Warden on November 18, 2013. On November 22, 2013, the Warden provided Petitioner with a response for "informational purposes only," given that Petitioner's appeal did not make any "specific request for relief." (Id. at 24.) Petitioner was advised of his right to appeal to the Western Regional Office within twenty days.

Petitioner's appeal was received by the Bureau of Prisons ("BOP") Central Office on December 16, 2013. On December 30, 2013, the appeal was rejected because it was submitted to the wrong level. Petitioner was advised to continue his appeal to the Western Regional Office. (Id. at 28.)

It appears that Petitioner submitted his appeal to the Western Regional Office on January 21, 2014. (Id. at 51.) Petitioner's appeal was received by the Western Regional

Office on January 24, 2014. (Id. at 17.) It was denied on February 18, 2014, on the ground that Petitioner had not provided sufficient proof to support his request.

On April 1, 2014, the BOP Central Office received Petitioner's appeal of the Western Regional Office's decision. (Id. at 17, 62.) The appeal was initially accepted for investigation, but was rejected on April 28, 2014, because Petitioner had not included a copy of his Institution Administrative Remedy Request or the response from the Warden, and also because part of the form was not completed. (Id. at 18, 62.) Petitioner was instructed to resubmit his appeal within fifteen days. As discussed below, the parties dispute whether and when Petitioner resubmitted his appeal.

On February 25, 2015, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1.) On June 1, 2015, Respondent filed an answer. (ECF No. 15.) On July 20, 2015, Petitioner filed a traverse. (ECF No. 18.) On July 30, 2015, Respondent filed a reply. (ECF No. 19.) On August 14, 2015, Petitioner filed a sur-reply. (ECF No. 20.) The matter is deemed submitted.

**II.     Jurisdiction and Venue**

Writ of habeas corpus relief extends to a person in federal custody who can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Here, Petitioner's claims are proper, if at all, under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they concern the manner, location, or conditions of the execution of Petitioner's sentence and not the fact of Petitioner's conviction or sentence. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir. 1998).

Petitioner is challenging the execution of his sentence at Federal Correctional Institution in Mendota, California. Petitioner is confined within the Fresno Division of the

Eastern District of California. Venue is therefore proper in this district. See Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

**III.     Exhaustion**

    **A.     Applicable Law**

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). However, exhaustion under § 2241 is not a jurisdictional prerequisite. Id. Courts have discretion to waive a prudential exhaustion requirement; however, this discretion is not unfettered. Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2012) ("Prudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional."); Murillo v. Mathews, 588 F.2d 759, 762, n.8 (9th Cir. 1978) (noting that a prudential exhaustion requirement "is not lightly to be disregarded").

The exhaustion requirement may be waived where pursuit of administrative remedies would be futile. Fraley v. U.S. Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993). Exhaustion of administrative remedies has been held to be futile where the request for relief was denied based on an official BOP policy. See, e.g., id.; Ward, 678 F.3d at 1045-46. Exhaustion also may be waived where administrative remedies are inadequate or ineffective, irreparable injury would result, or administrative proceedings would be void. Laing v. Ashcroft, 370 F.3d 994, 1000-01 (9th Cir. 1981) (citation omitted).

    **B.     Analysis**

Respondent contends that Petitioner did not exhaust his administrative remedies because he did not resubmit his appeal to the BOP Central Office within fifteen days as he was instructed to do in the April 28, 2014 rejection letter. Indeed, according to Respondent, Petitioner did not resubmit at all. (ECF No. 15.) Petitioner states that he gave his resubmitted appeal to mail room staff on May 7, 2014, well within the fifteen-

day resubmission period specified in the April 28, 2014 rejection letter. (ECF No. 18 at 5.) In response, Respondent does not address Petitioner's contention that the appeal was, in fact, resubmitted. However, Respondent now contends that Petitioner is not entitled to the benefit of the "mailbox rule"[1] with regard to the resubmission of his appeal, and so his resubmission was untimely. (ECF No. 19.) Petitioner maintains that the mailbox rule applies. (ECF No. 20.)

BOP regulations and policies define the time for filing an appeal of the Regional Director's decision as the time when the appeal is <u>received</u> in the Central Office. 28 C.F.R. § 542.18 ("If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received."); Program Statement 1330.18, § 9. The Ninth Circuit has construed such language (in the context of predecessor BOP regulations) to mean that federal prisoners are not entitled to the benefit of the mailbox rule in determining whether a prison administrative appeal was timely filed. <u>Nigro v. Sullivan</u>, 40 F.3d 990, 996 (9th Cir. 1994). Other courts have reached the same conclusion. <u>Oliver v. Owens</u>, No. 15 C 7189, 2016 WL 704836, at *3 (N.D. Ill. Feb. 23, 2016); <u>Schreane v. Thomas</u>, No. 3:CV-14-0246, 2014 WL 5493190, at *4 (M.D. Pa. Oct. 30, 2014); <u>Baker v. Drew</u>, No. CIV A 2:07CV622-TFM, 2009 WL 2588905, at *4 (M.D. Ala. Aug. 19, 2009); <u>Ageloff v. Reese</u>, No. 5:07–CV–124–DCB–MTP, 2009 WL 2591622, at *3, n.7 (S.D. Miss. Aug. 13, 2009); <u>Williams v. Burgos</u>, No. CV206-104, 2007 WL 2331794, at *3 (S.D. Ga. Aug. 13, 2007). The Court finds no authority to the contrary. Thus, even if Plaintiff did resubmit the appeal as alleged, it was nonetheless untimely because not received prior to the expiration of the deadline.

Furthermore, the Court is unable to conclude that Petitioner's request was "denied based on official BOP policy." <u>Ward</u>, 678 F.3d at 1046. The denial of Petitioner's request turned on the unique facts and circumstances of his particular request and the

---

[1] Under the mailbox rule, the Court deems a petition filed on the date Petitioner handed the petition to prison authorities for mailing. <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988); <u>Campbell v. Henry</u>, 614 F.3d 1056 (9th Cir. 2010); <u>see also</u> Rule 3(d) of the Rules Governing Section 2254 Cases.

documentation submitted in support thereof, not on BOP policy. But see Monsivais v. Fox, No. CV 15-09695-R (KS), 2016 WL 768852, at *2 (C.D. Cal. Jan. 28, 2016) (deeming exhaustion waived "regardless of whether Petitioner challenges general BOP policy, or the BOP's specific decision in his case"). Accordingly, the Court concludes that exhaustion has not been waived.

Because Petitioner has not exhausted his administrative remedies, the Court cannot grant relief on his claims. Nonetheless, because the Court concludes that the petition also may be denied on the merits, it will proceed to the merits of Petitioner's claims.

**IV. Review of the Petition**

**A. Compassionate Release Statute**

Prior to 1987, compassionate release of federal prisoners was governed by 18 U.S.C. § 4205(g). The statute provided, "At any time upon motion of the [BOP], the court may reduce any minimum term to the time the defendant has served." This statute continues to apply to inmates sentenced prior to November 1, 1987. See Espinoza v. Maye, No. 2:11–cv–0929 KJN P, 2014 WL 4194095, *10 n.8 (E.D. Cal. Aug. 22, 2014).

However, in 1987, the statute was repealed and replaced with 18 U.S.C. § 3582(c)(1)(A). Here, Petitioner was sentenced in 2011 and thus his petition for compassionate release is subject to the replacement statute, which provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A).

The Bureau of Prisons has implemented procedures for inmates to seek compassionate release. Program Statement 5050.49; 28 C.F.R. § 571.60, et seq. An

inmate's initial request must be made to the Warden and, relevant to this case, must describe (1) the compelling or extraordinary circumstances the inmate believes warrant consideration, and (2) a proposed release plan, including how the inmate will support himself. 28 C.F.R. § 571.62.

For requests that are based on the death or incapacitation of a family member caring for the inmate's child, the inmate must provide, amongst other things, (1) a statement that the family member was the only family member capable of caring for the inmate's child and (2) a clear statement and documentation that the inmate has a release plan, including housing, and the financial means to care for the child immediately upon the inmate's release. Program Statement 5050.49, § 5(a). "The Warden may deny the inmate's request at the institution level of review if the Warden finds that the inmate has not provided adequate information and documentation as set forth above." Id.

If the inmate provides "adequate and sufficient information and documentation," a committee is convened "to investigate the facts and circumstances provided by the inmate and to review supporting letters and documents." Id. at § 5(b). Based on this investigation and a number of other factors, the Warden then makes a recommendation to approve or deny the request. Id. The request then proceeds through review by BOP's General Counsel and, ultimately, the BOP Director. Id. at § 8.

### B. The denial of Petitioner's request is not subject to judicial review

Petitioner contends that the Warden abused his discretion in denying Petitioner's request for compassionate release. He also contends that the Warden did not follow BOP's rules and procedures in reviewing the request.

The Ninth Circuit has held that the BOP's refusal to bring a motion for compassionate release under § 4205(g) is not subject to judicial review. Simmons v. Christensen, 894 F.2d 1041, 1043 (9th Cir. 1990). In Simmons, the plaintiff argued that the BOP abused its discretion in denying his request. The court concluded it was precluded from reviewing such decisions. Id. In so doing, the Ninth Circuit cited to Turner

v. United States Parole Commission, 810 F.2d 612, 616 (7th Cir. 1987), which also addressed compassionate release under § 4205(g). The Turner court reviewed the structure of the Parole Act and noted that, while the Act expressly provided for judicial review of actions taken by the Parole Commission, no such review was provided for BOP action. Id. at 615. Furthermore, the power granted to the BOP under the statute was limited to the power to bring a motion; the BOP had no true authority to grant parole or change a sentence. Id. Additionally, the broad language of the statute "suggests the breadth of discretion characteristic of nonreviewable authority." Id.

Courts in this Circuit have extended the holding of Simmons to cases brought under § 3582(c)(1)(A). E.g., Espinoza v. Maye, No. No. 2:11–cv–0929 KJN P, 2014 WL 4194095, at *10 (E.D. Cal. Aug. 22, 2014); Monsivais v. Fox, No. CV 15-09695-R (KS), 2016 WL 768852, at *4 (C.D. Cal. Jan. 28, 2016); Maestro v. Ives, No. CV 14–1069 R(JC), 2014 WL 6389370, at *2 (C.D. Cal. Nov. 13, 2014). Other circuits have done the same. E.g., Crowe v. United States, 430 Fed. Appx. 484, 2011 WL 2836364 (6th Cir. July 18, 2011); DeLuca v. Lariva, 586 Fed. Appx 239, 241 (7th Cir. Dec. 3, 2014). The Court finds no authority to the contrary.

In light of this line of cases and the broad authority delegated to BOP in the compassionate release statute, the Court concludes that the Warden's decision to deny Petitioner's request is not reviewable. The Court cannot grant relief on this claim.

**C.     Petitioner has not stated a due process claim**

Petitioner appears to contend that his procedural due process rights were violated in the review of his compassionate release request. Specifically, Petitioner contends that BOP violated his due process rights by failing to convene a committee to review his request.

In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Hewitt v. Helms, 459 U.S. 460, 466 (1983). Here, Petitioner does not have a

liberty interest in being released prior to the expiration of his lawful sentence. Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7 (1979); Simmons, 894 F.2d at 1043 (citing Turner, 810 F.2d at 616) (holding no constitutional right attaches to "the mere possibility of conditional liberty"). Because he does not have a liberty interest in compassionate release, he is not entitled to the procedural protections of the due process clause.

Accordingly, Petitioner's cannot state a due process claim on this ground. He is not entitled to relief on this claim.

## V. Conclusion and Recommendations

Based on the foregoing, it is HEREBY RECOMMENDED that the petition be denied with prejudice.

The findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty** (30) days after being served with the findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: June 19, 2017 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

9